**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

EVERETT CARTER,

        *Plaintiff*,

vs.

        Case No. 11-2135-EFM

GREENBRIER RAIL SERVICES,

        *Defendant.*

**MEMORANDUM AND ORDER**

    This is a negligence action by Plaintiff Everett Carter against Defendant Greenbrier Rail Services. Plaintiff was injured while picking up a load of railroad wheels from Defendant's Kansas City facility in the course of his work for KC Transfer, Inc.. Defendant claims that the Plaintiff's comparative fault should be considered because his urine tested positive for marijuana use on the day of the accident, and that he was therefore impaired. To support this claim, Defendant intends to use the report and testimony of Dr. John Vasiliades, a forensic toxicologist. Plaintiff moves to limit or exclude the testimony of Dr. Vasiliades, arguing that his expert testimony is unreliable (Doc. 17). The matter came before the Court for an evidentiary hearing on May 9, 2012. Because the Court finds that Dr. Vasiliades's testimony is reliable, the Court denies Plaintiff's motion to exclude his testimony—with one caveat.

**I.     The Accident**

Plaintiff claims that he was knocked from the bed of his employer's trailer while it was being loaded with train axles by Defendant's forklift operator. Plaintiff claims the accident caused him to injure his right shoulder and right pelvis. There were no witnesses to the accident. Defendant had a policy of screening for drug and alcohol use after such accidents. When administered this test, Plaintiff's results showed the presence of THC metabolites at a concentration of 152 ng/mL in his urine. Plaintiff claimed that he had not smoked marijuana on the day of the accident, but had done so a day or two before the accident.

**II.    Dr. Vasiliades's Report**

Defendant intends to use the report and testimony of Dr. John Vasiliades, a forensic toxicologist. His report provides information on the pharmacology of marijuana and its effects on the human body. Dr. Vasiliades's report states:

> Mr. Carter's urine sample tested positive for the presence of the major metabolite of THC, Carboxy-THC with a concentration of 152 ng/mL approximately 4 hours after the accidence. The above urine concentration, of 152 ng/mL for THC-COOH, is high and it is consistent with recent marijuana (THC) use . . . Since the sample was collected 4 hours after the accident, the time of marijuana use therefore occurred prior to the accident or approximately 9:00 AM on 10/12/09. Mr. Carter had THC or marijuana in his body (blood) at the time he was loading the trailer and he was therefore under the influence of THC while he was loading the trailer.
>
> . . . 1. Mr. Carter used marijuana prior to the accident.
> 2. Assuming that Mr. Carter is not a chronic marijuana user, he used marijuana prior to the accident ad he was under the influence of THC (marijuana) at the time of the accident as described above.
> 3. Marijuana was the probable cause of the accident. Mr. Carter was disoriented, he had poor motor coordination and used poor judgment.[1]

---

[1] Doc. 17-2, p. 3-4.

### III. An expert must be qualified and his testimony must be reliable in order to be admissible.

Rule 702 of the Federal Rules of Evidence governs the admissibility of an expert opinion.[2] Rule 702 states:

> "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."[3]

This Rule is not limited to scientific testimony, but also applies to "technical" or "other specialized" knowledge.[4]

Rule 702 creates a gate-keeping function that requires the trial judge to consider certain factors in determining the admissibility of evidence.[5] This analysis is a two-part inquiry, wherein the Court should consider (1) whether the expert is qualified, and (2) whether the testimony is reliable.[6] In order to be qualified, the expert should possess the "knowledge, skill, experience, training, or education" necessary to render an opinion on the subject.[7] An expert is qualified "[a]s long as an [he] stays 'within the reasonable confines

---

[2] *Daubert v. Merrel Dow Pharm.*, 509 U.S. 579, 579 (1993).

[3] Fed. R. Evid. 702.

[4] *Kumho Tire, Co. Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

[5] Alice B. Lustre, *Post-Daubert Standards for Admissibility of Scientific and Other Expert Evidence in State Courts,* 90 A.L.R.5th 453, 453 (2001).

[6] *United States v. Nacchio,* 555 F.3d 1234, 1241 (10th Cir. 2009) (internal citations omitted).

[7] *Id.*

-3-

of his subject area.' . . . '[A] lack of specialization does not affect the admissibility of [the expert] opinion, but only its weight.' "[8] If the Court finds that the expert is qualified, it must then go on to find that his testimony is also reliable.[9] To do so, the Court should "assess the underlying reasoning and methodology."[10] A misstep in the expert's analysis renders his testimony inadmissible, whether it "completely changes a reliable methodology or merely misapplies that methodology."[11] Further, the Court should not accept guesses or speculation of an expert as reliable.[12]

### IV.   Dr. Vasiliades is qualified, and his testimony is reliable-–with one exception.

Plaintiff challenges Dr. Vasiliades's report on the bases that the report is fatally flawed on the presumption that Plaintiff is not a chronic user of marijuana, and that he has not shown sufficient scientific support in his citations to studies for his extrapolations regarding the Plaintiff's time of ingestion and impairment based on his THC level following the accident.

---

[8] *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001) (internal citation omitted).

[9] *Nacchio,* 555 F.3d 1234 at 1241.

[10] *Id.*

[11] *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 782 (10th Cir. 1999) (internal quotation omitted).

[12] *Mooring Capital Fund, LLC v. Knight*, 388 Fed.Appx. 814, 820 (10th Cir. 2010) (quoting *General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997) ("[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.")).

*A.     Dr. Vasiliades is qualified.*

The parties do not contest whether Dr. Vasiliades is qualified to opine on this topic. The primary fact upon which Dr. Vasiliades's testimony is based is that Plaintiff's urine tested at 152 ng/mL for marijuana after the accident—a fact which is uncontested. The reliability inquiry, however, require a bit more analysis.

*B.     The Court finds that Dr. Vasiliades's report is reasonably reliable, with the exception of his opinion regarding time of ingestion. The Plaintiff's challenges to the remainder of his testimony would be more appropriately raised at the trial for weight, rather than for admissibility here.*

Dr. Vasiliades' report states that he used the following to develop his opinion: "the pharmacology of THC (cannabis), the above studies and my experience as a forensic toxicologist."[13] He does not appear to rely on the studies as exhaustively as Plaintiffs argues; rather, he appears to use findings from these studies as citations for premises upon which he forms his ultimate conclusion. Plaintiff does not truly dispute the validity of the studies and information cited by Dr. Vasiliades—instead, he disputes the appropriateness of applying those principles to the facts at hand.

Upon examination at the hearing, Dr. Vasiliades was unable to establish a sufficient foundation for his opinion that Plaintiff's time of ingestion of marijuana was approximately 9:00 am on the morning of the accident. Therefore, the Court will not permit him to testify

---

[13] Doc. 17-2, p. 4.

as to the time of ingestion, except in hypotheticals as to what potential times of ingestion might be, given different scenarios.

The Court finds that the remainder of Dr. Vasiliades's report is reliable, and finds that Plaintiff's challenges would be more appropriate to challenge its weight on cross-examination at trial.  Although it is true that Dr. Vasiliades relies on the assumption that Plaintiff is not a chronic user of marijuana, the Court finds the Defendant made an adequate showing that the assumption has a basis in the record.  For example, Defendant offered evidence that Plaintiff told his treating physician that he did not use illegal drugs.  There is not "too great an analytical gap"[14] between Dr. Vasiliades's reliance on the studies of non-chronic users and his resulting opinion regarding Plaintiff's impairment.  Therefore, the Court will permit the testimony.  Plaintiff may cross-examine[15] Dr. Vasiliades about what inferential gaps he believes may exist—for example, the studies' use of non-chronic users as subjects and the import of that possible distinction.

---

[14] *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

[15] *See, e.g.*, *Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."); *Newman v. State Farm Fire & Cas. Co.*, 290 Fed. App'x 106, 114 (10th Cir. 2008) (affirming the district court's conclusion that the defendant " 'barely' made a sufficient showing of reliability and that the issues concerning the experts' opinions go to weight rather than to admissibility"); *Goebel v. Denver & Rio Grande Western R.R. Co.*, 346 F.3d 987, 993 (10th Cir. 2003) (noting that an expert's failure to exclude one alternative cause of injury went to weight, not admissibility); *Miller v. Union Pac. R.R. Co.*, 900 F.2d 223, 225 (10th Cir. 1990) (noting that an expert expressed his conclusions in terms of probability and affirming the district court's decision that "any doubts concerning the plausibility of [the expert's] conclusions go to the weight and not the admissibility of the testimony").

**IT IS ACCORDINGLY ORDERED** that Plaintiff's Motion to Limit or Exclude the Testimony of Forensic Toxicologist John Vasiliades, Ph.D. (Doc. 17) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

Dated this 11th day of May, 2012, in Wichita, Kansas.

*/s/ Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE